† COTTON, EX'RX v. ASHLEY.

1. COMMON LAW REMEDY AGAINST ATTORNEYS WHO WITHHOLD MONEY OR PAPERS FROM CLIENTS.

Where an attorney has received, by reason of his employment, money or papers belonging to his client, which, after demand, he wrongfully withholds, courts of common pleas have, independent of statute, the right to compel him to pay over or 'deliver the same to the client, and upon refusal to comply with the order of the court, to punish him for contempt. And such right does not depend upon the fact that the money was collected upon a judgment, or received upon a claim upon which suit has been brought.

2. STATUTORY REMEDY IS CUMULATIVE.

The right of the court to compel its officers to do their duty has not been taken away by section 564 of the Revised Statutes, providing for summary proceedings against attorneys receiving money for clients and refusing or neglecting to pay the same when demanded.

FRAZIER, J. (orally).

The case of Alice S. Cotton, executrix of Marvin S. Cotton, deceased, against S. D. Ashley, Esq., attorney-at-law, is a petition in error to reverse a judgment of the court of common pleas.

---

†For decision of the circuit court on re-trial see 7 Circ. Dec., 242.

The proceedings before the court of common pleas was commenced by the filing of a motion which sets out at great length, not only the facts claimed, but also the evidence by which it is proposed to support them ; and asks that the defendant, Ashley, be ordered to pay to the plaintiff certain moneys, it is claimed was received by him in his character of attorney-at-law, and to deliver up certain papers which it is claimed he wrongfully obtained from the minor son of plaintiff in her absence, and which contained memoranda left in possession of her deceased husband, relating to the claims placed in defendant's hands for collection ; or that he show cause why he should not be attached for his refusal to do so.

Plaintiff also claims in her motion, that defendant received from the testator, her deceased husband, certain mortgages, to collect and pay over to the testator, the interest as it became due, and that he continued to collect and pay over to plaintiff in her character as executrix, interest by him collected the same as he had done in the lifetime of her husband, retaining the same percentage (5 per cent) upon the sums collected by him.

The motion further charges that the defendant, Ashley, wrongfully conducted himself in his said employment and character of attorney ; in that said testator, in and as a part of the transaction and employment of the defendant, and the better and more readily to enable him to collect the interest under his employment as attorney, as it became due, assigned to said Ashley a certain mortgage and that defendant, as such attorney, and in violation of his employment, did, before the same became due and payable according to its terms, accept a less sum than was due thereon, although the security was ample and the makers abundantly able to pay, and wrongfully entered the mortgage satisfied upon the records of the county, refuses to pay to plaintiff the money so received by him ; and asks that defendant be compelled to pay plaintiff the amount he should have received thereon.

Upon the filing of the motion the court of common pleas made and entered upon its journal, an order requiring the defendant at a time named therein, to appear and show cause why he should not pay to plaintiff the money claimed, and deliver the papers demanded, or be attached for his refusal to do so.

A copy of the order was served by the sheriff on the defendant, Ashley, and he appeared in court in obedience thereto, and, as stated in the bill of exceptions, the petition was read and the relator offered to read affidavits sustaining the motion.

At this point a motion was made on the part of the defendant to dismiss the action, or in the language of the bill of exceptions. " And thereupon the defendant, by his counsel, then and there moved the court to dismiss said petition, and said proceedings for want of jurisdiction on the part of said court to hear and determine said cause, and the said motion to dismiss was thereupon argued by counsel and submitted to the court ; upon consideration whereof the court granted said motion, and thereupon ordered, adjudged and decreed that said petition and proceedings be and the same were by said court dismissed.

" That said court refused to hear said supporting affidavits, or any of them, but dismissed said petition as aforesaid, upon said motion as aforesaid ; to all of which the plaintiff, by her counsel, at the time excepted, and presents this, her bill of exceptions."

There was no written motion filed, but there is a statement in the journal entry that the motion was made for the reason that it appears that the money was not collected upon any judgment in any court, and that the court refused to hear the motion because it was admitted in open court that there was an assignment, absolute on its face of the mortgage, upon which it was claimed the money was received. The law prescribes what may be shown by the journal, and no certificate or statement of fact not required to be shown by the journal can supply the place of a bill of exceptions, or serve to bring upon the record any fact which should appear in the bill.

Some confusion seems to have existed in the minds of counsel as to the nature of this proceeding. It is said in argument, that it was treated in the court below as a proceeding under sections 563 and 564 of the Revised Statutes of Ohio; but counsel for the plaintiff in this court claim it is a proceeding not under the statute, but at common law.

It is sufficient to say it is not an action for the suspension or removal of the defendant, Ashley, under section 563 of the Revised Statutes. In this state the provisions of the statute for the admission and suspension or removal of attorneys is exclusive, and prescribes the forms and manner of proceeding to disbar an attorney, and in such proceedings the statute must be strictly followed, and if commenced in the common pleas court an appeal may be taken to the circuit court.

Nor is this a proceeding to amerce the defendant for refusing or neglecting to pay over money when demanded, under section 564 of the Revised Statutes.

Counsel for the relator claim it to be a proceeding by motion or petition addressed to a court proceeding under the forms of the common law, and having the inherent right, without the aid of a statute, to compel its officers to do right and to compel them in a summary manner to do their duty or to summarily punish them for the refusal, to obey its orders.

Counsel for the relator in argument say, the court below said he would treat the verbal motion to dismiss as a demurrer, and held:

*First*—"That the proceeding is not in accordance with the Revised Statutes, section 563.

*Second*—" Because it is not for any definite sum of money.

*Third*—" That this proceeding cannot be maintained, as it is not authorized by law, or by any statute of the state confering power and jurisdiction upon the court of common pleas."

Has the court of common pleas, independent of any statute, the right to punish its officers for misconduct; or in other words, is an attorney-at-law amenable to the court, and is it the right when invoked, as well as the duty of the court, where it is admitted by an attorney that he has money which he collected for his client and which he wrongfull withholds from the client, or has papers he received by reason of his employment and wrongfully witholds on demand, the right to order the attorney to pay it over or deliver them up, or is the client relegated to his rights either of an action at law, or the more summary proceeding by way of amercement? In either of these cases there is a judgment that may be enforced by execution; but the right to enforce such judgment is but the right which a judgment creditor has to enforce any judgment and might be a poor compensation to the client, where the attorney is insolvent or the papers might be desired as evidence, or where a consideration in money would be wholly inadequate.

Counsel for the defendant urge that the defendant's liability, if any, arises under section 564 of the Revised Statutes, which provides that: " Every attorney receiving money for his client and refusing or neglecting to pay the same, when demanded, shall be proceeded against in a summary way, on motion, before any court of record; either in the county in which such judgment has been rendered, on which such money has been collected, or in the county in which such attorney resides, in the same manner and be liable to the same penalties as sheriffs and coroners are for money received on execution.

Has the court the right at common law, independent of statute, to compel in a summary manner an attorney to perform his duties to his client in the matters in question?

I shall endeavor to be quite brief in my reference to authorities; although there has been a great number cited, counsel upon both sides have been very industrious in the citation of authorities.

In 2 Greenleaf on Evidence, section 147, it is said: " An attorney being an officer of the court in which he is admitted to practice, is held amenable to its summary jurisdiction for every act of official misconduct. The matter is shown to the court by petition or motion ordinarily supported by affidavit; and the order of the court, after hearing, is enforced either by attachment or striking his name from the roll if he neglects.

In the case cited by counsel for plaintiff from The American Law Register, volume 17, new series, page 759, an opinion by the supreme court of Rhode Island, in the case of *James Orr* v. *Oscar A. Tanner*, the syllabus of the case is: " An attorney who refuses to pay over money belonging to his client will be ordered to do so on motion of the client."

In Weeks on Attorneys, section 97, it is said: " If an attorney misconduct himself in his profession he is, in many cases, liable to an attachment. Attachments against them are also moved for in cases of unfair dealings toward their clients, as for delaying suits, putting the parties to unnecessary expense, demanding fees for business not performed, refusing to surrender papers or money recovered and received for clients. A rule to show cause or deliver up is generally first made. But the money or writings must be received in the capacity of attorney, otherwise the party will be left to his ordinary remedy by action."

In the matter of Dakin, an attorney at law, 4 Hill, 42, BRONSON, J., in delivering the opinion of the court, says: " The summary jurisdiction exercised by the courts for the purpose of compelling attorneys to perform their duty to clients, is not only just in itself, but it exerts a wholesome influence upon the whole body of the legal profession. If the client were driven to the dilatory and sometimes ineffcent remedy by action when the attorney improperly neglects to pay over money, a few unworthy members of the bar would bring odium upon all the rest.

"It is not essential to the exercise of this summary remedy that the attorney should have received the money in any suit or legal proceeding, or that he should have been employed or instructed to commence legal proceedings. It is enough that the money was received in his character of attorney, as where a demand is left with him with instruction to call for payment, or obtain better security, but without any directions to sue. When the attorney is also engaged in other business, and the particular character in which he was retained does not affirmatively appear, it may be inferred from the nature of the employment, and the other circum-

stances of the case. In *De Woolfe* v. ———, 2 Chit. R., 68, BAYLEY, J., said 'the recent doctrine was, that whenever a person had been employed in consequence of his being an attorney, though not in an action, the court would interfere summarily to compel him to do what was right. In that case the attorney had received money under a power which described him as a counsellor and attorney, and the court said it was otherwise manifest that the employer contemplated the party's professional character, and he was ordered to account and pay over the money.' The rule was well stated by ABBOTT, Ch., J., in the matter of Aitkin (4 Barn. & Ald., 47), where he says, 'an attorney is employed in a matter wholly unconnected with his professional character, the court will not interfere in a summary way to compel him to execute faithfully the trust reposed in him. But where the employment is so connected with his professional character as to afford a presumption that his character formed the ground of his employment by the client, there the court will exercise this jurisdiction.' The defense of the attorney in that case was put wholly on the ground that he had not been employed to prosecute any suit; and as that position was untenable, the motion was granted. In *ex parte* Staats, 4 Cowens, 76, a like objection by the attorney was overruled."

In *ex parte, Staats, supra*, it is stated, "The relator, Staats, had left a bond with J. W. Edmonds, Esq., an attorney of this court, to the end that he should write the obligor to pay him (Edmonds) for the use of Staats who was the obligee, the money due upon the bond; but he did not direct Mr. Edmonds to commence a suit upon it, in case the obligor should make default in paying it according to such written request. The obligor paid the money to Mr. Edmonds, who had neglected to pay it over to the obligee, though repeatedly requested by the obligee to do this, * * * Upon these facts the court held, '*Curia*, the motion must be granted. It is plain that this bond was left with Mr. Edmonds in his character of attorney, though no specific directions were given to bring a suit, it turned out there was no need of a suit. The money was paid in; and the relator is entitled to our aid in obtaining it, in the same manner as if collected by suit.' We hold that the court of common pleas of this state being a court of general jurisdiction and proceeding according to the course of the common law, has, independent of and without the aid of statute, the right to compel an attorney who has received money or papers belonging to his client, by reason of his employment as attorney, which he wrongfully withholds or refuses on demand to pay over or deliver to the client, and upon his refusal to hand over when ordered to do so may punish him as for contempt. And such right does not depend upon the fact that the money was collected upon a judgment, or received upon a claim upon which suit has been brought, it is sufficient if it was received by reason of his employment as attorney.

Has such right been superseded or taken away by section 564 of the Revised Statutes? We hold it has not."

BIRCHARD, J., in *Darling* v. *Peck*, 15 Ohio, 71, says: "Where a statute gives a new remedy without impairing or denying one already known to the law, the rule is to consider it as cumulative, allowing either the new or the old remedy to be pursued at the option of the party seeking redress." Which has been followed and approved in *State ex rel.* v. *Railroad Co.*, 36 Ohio St., 442, and in *Commissioners* v. *Zeigelhofer*, 38 Ohio St., 528.

We do not say the court of common pleas could have granted the relator all the relief asked in her motion. We think the weight of au-

CIRCUIT COURTS. 11

The Toledo Electric St. Ry. Co. v. The Toledo Consolidated St. Ry. Co.

thority is that the court upon such summary proceeding could only compel the attorney to pay over the money he has received, and to deliver the papers in his possession; and that for his wrongs, or any failure to perform his duties as an attorney, she is remitted to her action at law and after the court has granted all the relief in its power, the relator to obtain full relief may still be compelled to seek her remedy by action.

It has been intimated in argument that the defendant claims to be the owner of the mortgage in question, instead of the attorney employed to collect it. We do not say that if the defendant in answer to the rule issued should make such a showing, the court in its discretion might not refuse the summary remedy and compel the plaintiff to seek her remedy upon proper issues in an action to be tried by a jury. We do not desire in this to be understood as holding that the mere denial of employment as attorney, or the claim of ownership would take from the court the right to hear the motion, or make the order; nor as holding that the relator in a doubtful case, may in this form of procedure upon affidavits taken *ex parte*, deprive the defendant of the right of trial by jury in the ordinary forms of procedure.

It appears from the record that the court, in the absence of any showing against the rule or claim of plaintiff by answer or otherwise, and with the apparent or implied admission of the plaintiff's claim, held it had no jurisdiction to hear the case or make the order.

In so holding and deciding, we hold the court of common pleas erred, and the cause is reversed and remanded.